UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GILBERT RICHARD LAGASSE, JR., :
    Plaintiff, :
     :
    v. : Case No. 3:16cv1184 (WWE)
     :
BERRYHILL, Commissioner :
Social Security, :
    Defendant. :

**MEMORANDUM OF DECISION ON THE MOTION TO REVERSE THE DECISION OF THE COMMISSIONER AND THE MOTION TO AFFIRM THE DECISION OF THE COMMISSIONER**

Plaintiff Gilbert Lagasse, Jr., challenges the denial of his application for Social Security disability benefits and requests reversal of the Commissioner's decision pursuant to sentence four of 42 U.S.C § 405(g). For the following reasons, plaintiff's Motion to Reverse the Decision of the Commissioner will be granted to the extent that the matter will be remanded pursuant to sentence six of section 405(g);[1] defendant's Motion to Affirm the Decision of the Commissioner will be denied.

**BACKGROUND**

The parties have filed a statement of stipulated facts that details plaintiff's medical history from July 18, 2007, when plaintiff's primary physician Dr. Turgit Yetil

---

[1] Under the fourth sentence of section 405(g), the reviewing district court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Under the sixth sentence, "The court may ... remand the case to the Commissioner for further action by the Commissioner and it may at any time order additional evidence to be taken before the Commissioner ...."

referred him to University of Connecticut Health Center regarding his involuntarily jerking arm, through April 14, 2015, the date of plaintiff's administrative hearing. The Court incorporates the factual statements of that stipulation herein.

Plaintiff filed a claim for disability insurance benefits on March 23, 2013, alleging disability onset on July 25, 2007. His claim was denied on May 21, 2013, and upon reconsideration on September 23, 2013. On April 14, 2015, a video hearing took place before an Administrative Law Judge ("ALJ"), with plaintiff in Hartford, Connecticut, and the ALJ in Providence, Rhode Island. On May 14, 2015, the ALJ denied plaintiff's claim for disability benefits in a written ruling that found plaintiff had the severe impairments of degenerative disc disease, status post lumbar surgery, chronic lumbar pain, and obesity; but that plaintiff did not have an impairment or combination thereof that met or medically equaled any of the Agency's listed impairments. The ALJ determined that plaintiff had residual functional capacity ("RFC") to perform the full range of sedentary work as defined in 20 C.F.R. § 416.967(a), which involves lifting no more than ten pounds at a time, sitting approximately six hours of an eight-hour day, and occasionally walking and standing.[2] See Burns v. Commissioner of Social Security, 2017 WL 2334326, at *6 (N.D.N.Y.) ("Sedentary work requires the abilities to sit for six hours, stand and walk for two hours, and lift or carry up to ten pounds in an

---

[2] 20 C.F.R. § 416.967(a) provides: "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."

eight-hour workday."). The ALJ found that plaintiff could no longer perform his past work, but that plaintiff could perform jobs that existed in the national economy.

At the time of the ALJ's decision, plaintiff was an individual of 46 years of age, who had last worked as a warehouse picker in 2002. Dr. Yetil has treated plaintiff since at least 2007.

The ALJ's decision became the Commissioner's final decision when the Appeals Council denied plaintiff's request for review.

## DISCUSSION

In reviewing a final decision of the Commissioner under 42 U.S.C. §§ 405(g) and 1383(c), the district court performs an appellate function. Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir. 1981); Igonia v. Califano, 568 F.2d 1383, 1387 (D.C. Cir. 1977). A reviewing court will "set aside the ALJ's decision only where it is based upon legal error or is not supported by substantial evidence." Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998). See also Alston v. Sullivan, 904 F.2d 122, 126 (2d Cir. 1990)("As a general matter, when we review a decision denying benefits under the Act, we must regard the [Commissioner's] factual determinations as conclusive unless they are unsupported by substantial evidence"). "Substantial evidence" is less than a preponderance, but "more than a scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938); see Yancey v. Apfel, 145 F.3d 106, 110 (2d Cir. 1998); Williams

v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).

In determining whether the evidence is substantial, the court must "take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951). In so doing, the Court must "review the record as a whole." New York v. Sec'y of Health and Human Servs., 903 F.2d 122, 126 (2d Cir. 1990).

The ALJ need not "reconcile every conflicting shred of medical testimony." Miles v. Harris, 645 F.2d 122, 124 (2d Cir.1981).

The regulations promulgated by the Commissioner establish a five-step analysis for evaluating disability claims. Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987); 20 C.F.R. §§ 404.1520 and 416.920. First, the Commissioner considers if the claimant is, at present, working in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(I). If not, the Commissioner next considers if the claimant has a medically severe impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the severity requirement is met, the third inquiry is whether the impairment is listed in Appendix 1 of the regulations or is equal to a listed impairment. 20 C.F.R. § 416.920(a)(4)(iii); Pt. 404, Subpt. P. App. 1. If so, the disability is granted. If not, the fourth inquiry is to determine whether, despite the severe impairment, the claimant's residual functional capacity allows him or her to perform any past work. 20 C.F.R. § 416.920(a)(4)(iv). If a claimant demonstrates that no past work can be performed, it then becomes incumbent upon the Commissioner to come forward with evidence that substantial gainful alternative employment exists which the claimant has the residual functional capacity to perform. 20 C.F.R. §

416.920(a)(4)(v). If the Commissioner fails to come forward with such evidence, the claimant is entitled to disability benefits. Alston, 904 F.2d at 126.

When the reviewing court has "no apparent basis to conclude that a more complete record might support the Commissioner's decision," it may remand for the sole purpose of calculating benefits. Butts v. Barnhart, 399 F.3d 277, 385–86 (2d Cir. 2004). However, the reviewing court may remand the matter to allow the ALJ to further develop the record, make more specific findings, or clarify his or her rationale. See Grace v. Astrue, 2013 WL 4010271, at *14 (S.D.N.Y.); see also Butts, 399 F.3d at 385–86.

### Plaintiff's Claims of Error

Plaintiff attacks as error the ALJ's assignment of "greatest weight" to the opinions of the non-examining medical expert; failure to follow the treating physician rule; and substituting his own judgment for competent medical evidence.

According to Dr. Yetil, plaintiff was limited to a less than sedentary level of exertion level. In his Physical Medical Source Statement, Dr. Yetil reported a diagnosis of degenerative disc disease ("DDD") lumbar spine with lower back pain. He found that plaintiff was functionally limited to walking a quarter city block without rest or severe pain, sitting twenty minutes at a time before needing to get up; standing or walking less than two hours in an eight-hour day. He opined that plaintiff would need unscheduled ten-minute breaks every fifteen minutes due to back pain. He also found that plaintiff was limited to lifting and carrying less than ten pounds occasionally; and that he could occasionally climb stairs, never twist, crouch/squat, and could rarely stoop and climb

ladders. He indicated that plaintiff would need to use a cane or hand-held assistive device; would have good days; could handle high-stress work; and would likely be absent more than four days per month.

Dr. Louis A. Fuchs, a physician designated by the Commissioner, provided testimony as a medical expert appearing by telephone at the hearing. The ALJ requested that Dr. Fuchs testify as to plaintiff's diagnosis. Dr. Fuchs responded: "Diagnosis #1 is status post disc excision 1990 lumbrosacral region. #2 would be chronic lumbosacral myositis and probable degenerative disc disease." Dr. Fuchs provided no further testimony.

The ALJ found that Dr. Yetil's opinion was not entitled to any significant weight and that Dr. Fuchs's opinion was entitled to greatest weight. In according lesser weight to Dr. Yetil, the ALJ wrote:

> Dr. Yetil limited the claimant to less than sedentary level of exertion. However, Dr. Yetil's treatment notes do not indicate such limitation. The claimant had mildly reduced lumbar range of motion and some tenderness to palpitation. No neurological abnormalities were noted and the claimant had a normal gait. The claimant indicated that Dr. Yetil prescribed a cane for ambulation, but the Undersigned could not find evidence of such a prescription. As such, the Undersigned rejects Dr. Yetil's opinions because they are inconsistent with his treatment records and the overall evidence of record.
>
> Relevant to assigning greatest weight to Dr. Fuchs's opinion, the ALJ stated:
>
> While Dr. Fuchs did not have an opportunity to examine claimant, he reviewed the evidence of record in its entirety and was present to listen to the claimant's testimony. Additionally, Dr. Fuchs is a physician designated by the commissioner and he has vast knowledge of the Social Security programs and its regulations. In addition, his opinions are consistent with the overall evidence of record.

6

The Court must determine whether the ALJ applied the correct standards when he accorded substantial weight to the non-examining medical opinions but little or no weight to the medical source opinions of Dr. Yetil.

Pursuant to the treating source rule, the Commissioner is to give controlling weight to a treating source's opinion if (1) it is well supported by clinical and laboratory diagnostic techniques, and (2) the opinion is not inconsistent with other substantial evidence in the case record. Thompson v. Barnhart, 75 Fed. Appx. 842, 845 (2d Cir. 2003); 20 C.F.R. § 416.927(a)(2); 20 C.F.R. § 404.1527(c). Where the opinion is contradicted by other substantial evidence in the record, the ALJ is entitled to use discretion in weighing the medical evidence as a whole. Veino v Barnhart, 312 F.3d 578, 587 (2d Cir. 2002). In resolving the amount of weight to give a medical opinion, the ALJ should consider the examining relationship; the treatment relationship, the length of the treatment relationship, the nature and extent of the treatment relationship; the evidence supporting the medical opinion; consistency with the record; and specialization of the medical source. See 20 C.F.R. §§ 404.1527 and 416.927. The ALJ must provide a reason for any rejection of a treating source opinion. Schisler v. Sullivan, 3 F.3d 563, 568 (2d Cir. 1993); see Greek v. Colvin, 802 F.3d 370, 375 (2d Cir. 2015) (To override the opinion of treating physician, ALJ must explicitly consider the treating physician factors).

"The relevant inquiry is whether the ALJ applied the correct legal standards and whether the ALJ's determination is supported by substantial evidence;" there is no basis for remand where the ALJ's analysis "affords an adequate basis for meaningful judicial

review." Cichocki v. Astrue, 729 F.3d 172, 177-78 (2d Cir. 2013); see Mullings v. Colvin, 2014 WL 6632483, at *14 (E.D.N.Y. 2014) (ALJ must articulate specific reasons for the weight given to plaintiff's treating physicians and develop the record as necessary to accord proper weight to medical opinions). The ALJ must properly analyze the reasons that the report is rejected; an ALJ cannot arbitrarily substitute his or her own judgment for competent medical opinion. Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999).

Here, the ALJ's treatment of plaintiff's medical sources is flawed and lacks the support of substantial evidence in the record. Here, the ALJ's weight attribution failed to consider the long duration, nature and frequency of the treating relationship between Dr. Yetil and plaintiff. Further, the non-examining consultant opinion of Dr. Fuchs failed to provide a basis for the ALJ's conclusion that plaintiff had a functional capacity for sedentary work rather than the more limited capacity indicated by Dr. Yetil.

Despite the ALJ's suggestion to the contrary, Dr. Yetil's opinion of plaintiff functionality is not at odds with his treatment notes, which indicate a history of, inter alia, DDD requiring epidural steroidal injections, disc narrowing, and consistent back pain. A neurologist, Dr. Beverley Greenspan, who examined plaintiff once, indicated her impression of chronic low back pain. In fact, Dr. Yetil's diagnosis of plaintiff's condition is generally consistent with that of Dr. Fuch's opinion, which was limited to a diagnosis based on his examination of the record.

The ALJ's opinion found Dr. Yetil's more specific assessment of plaintiff's functional capacity to be lacking support in the record. However, the fact that plaintiff

8

testified that his doctor had prescribed him a cane, which the ALJ asserts is unsubstantiated by the treating record, does not undermine the weight of Dr. Yetil's opinion as a treating source. The Court notes that Dr. Yetil's Physical Medical Source Statement did indicate that a cane or other assistive device was recommended. Further, the ALJ does not explain why the fact that the lack of neurological abnormalities or plaintiff's "normal gait" were inconsistent with Dr. Yetil's opinion of plaintiff's limitation, which focused largely on the effects of plaintiff's back pain on his abilities.

Of significance, the non-examining medical opinion—which was afforded greatest weight--provided no information regarding plaintiff's functionality. Thus, the ALJ's ruling on plaintiff's functionality lacks evidentiary support. At a minimum, the ALJ had a duty to develop the record to determine the extent of plaintiff's restrictions in light of the fact evidentiary gaps extant in the record regarding plaintiff's functional capacity. See Butts, 388 F.3d at 386 (ALJ must affirmatively develop the record in light of ALJ's investigatory rather than adversarial role.). The ALJ could have arranged for a medical or Agency consulting expert to review or examine plaintiff with regard to his functionality. See 20 C.F.R. § 404.1520b(1)-(4).

Where the administrative record is incomplete or the ALJ has applied improper legal standards, a remand to the Commissioner for further consideration is appropriate. Baldwin v. Astrue, 2009 WL 4931363, at *28 (S.D.N.Y. Dec. 21, 2009). Where the Court has no basis to conclude that a more complete record might support the commissioner's decision, the Court may remand to the matter for a calculation of

benefits.  <u>Balsamo</u>, 142 F.3d at 82.   In determining whether further proceedings should be held, the Court should consider the hardship to the claimant of further delay by the administrative proceedings.   <u>Carlantone v. Colvin</u>, 2015 WL 9462956, at *11 (S.D.N.Y. Dec. 17, 2015).   Here, plaintiff's disability claim has been pending for approximately four years.   Prolonged administrative proceedings will present a hardship to plaintiff.

This is not a case in which the ALJ reached a mistaken conclusion upon review of a complete record.  <u>See</u> <u>Balsamo</u>, 142 F.3d at 82.   The extent of plaintiff's restrictions are not clear, and the ALJ failed to obtain adequate information that would have clarified plaintiff's restrictions.   In such cases, the Second Circuit has remanded for further findings that "plainly help to assure the proper disposition" of the claim with specific instructions and time limitations.   <u>Rosa</u>, 168 F.3d at 83 (2d Cir. 1999); <u>Butts</u>, 388 F.3d at 386.   The Court will remand the case to the Commissioner for further development of the record with specific instructions and timetable so as not to prejudice plaintiff with delay of the administrative process.   Accordingly, the Court will instruct that further proceedings before the ALJ be completed within 150 days of the remand of this matter; if the decision is a denial of benefits, a final decision of the Commissioner should be rendered within 80 days of plaintiff's appeal from the ALJ's decision.

## CONCLUSION

For the foregoing reasons, the plaintiff's Motion to Reverse the Decision of the Commissioner [doc.18] is GRANTED to the extent that the case is to be remanded to

the Commissioner for further proceedings consistent with this ruling; and the defendant's Motion to Affirm the Decision of the Commissioner [doc. 26] is DENIED.

The ALJ is instructed to conduct further fact finding proceedings, including arranging for a medical or Agency consulting expert to review or examine plaintiff, within 150 days of the remand of this matter; if an appeal is taken, the final decision shall be rendered within 80 days of plaintiff's appeal.

The clerk is instructed to remand this matter to the Commissioner.

                                           /s/Warren W. Eginton_____
                                           Warren W. Eginton
                                           Senior United States District Judge

Dated this 12th day of July 2017 at Bridgeport, Connecticut.